## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOEL P. CORTEZ,** | : | CIVIL ACTION NO. 1:07-CV-1466 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **ROBERT FORD, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff Joel P. Cortez filed this civil rights action on August 9, 2007. (Doc. 1.) Defendants filed a timely answer and the parties were afforded the opportunity to engage in discovery. (Docs. 13, 21.) Presently pending is defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 25). A supporting brief, statement of material facts, and supporting affidavits have been filed in support of the motion. (Docs. 26-31). Plaintiff failed to file an appropriate response to the motion. He was afforded an opportunity to respond to the motion for summary judgment in accordance with Federal Rule of Civil Procedure 56 and L.R. 56.1, and was advised that his failure to timely respond would result in the motion being deemed unopposed. (Doc. 34, citing Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).) Plaintiff has failed to respond to defendants' motion. Consequently, the motion is deemed unopposed and, for the reasons set forth below, will be granted.

**I.      Statement of Material Facts**[1]

On November 3, 2005, plaintiff was placed in the custody of the Bradford County Correctional Facility. (Affidavit of Peter Quattrini, Jr. ("Quattrini Affidavit"), Doc. 29, at 1, ¶ 2.) The former Warden, Kevin Losinger ("Losinger"), evaluated plaintiff in accordance with the classification process (which includes an interview, a mental health examination and a medical examination) and conducted a needs assessment. (Id. at 2, ¶¶ 3, 5.) During this process, plaintiff indicated that he did not have any enemies within the facility. (Id. at ¶ 6; Doc. 25-2, at 4.) Losinger decided to assign him to general population, which allowed him access to a day room, shower room, gymnasium, exercise yard and law library. (Doc. 29, at 2, ¶ 8.)

On November 10, 2005, corrections officers became aware that plaintiff was punched in the face by a fellow inmate when plaintiff presented himself at the desk in A and B housing units, bleeding from the face, stating that he had been assaulted. (Affidavit of Jeremy Zenowicz ("Zenowicz Affidavit"), Doc. 31, at 1, ¶¶ 2-3.) The facility was placed on lock down status, the warden and prison doctor were paged, and plaintiff was escorted to the medical room where he received treatment. (Id. at 2, ¶¶ 4-5; Affidavit of John Daly ("Daly Affidavit"), Doc. 30 at 2, ¶ 5.)

---

[1] Defendants filed a statement of material facts on June 25, 2008. (Doc. 27). "All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party." L.R. 56.1. Plaintiff did not contest the defendants' statement. Therefore, the statement, which is adequately supported by the record, is deemed admitted and adopted in toto.

Prior to the incident, defendants were not aware of any threat to plaintiff's safety and there is no record of any threat against plaintiff.  (Zenowicz Affidavit, Doc. 31 at 2, ¶ 6; Quattrini Affidavit, Doc. 29, at 3, ¶ 10; Daly Affidavit, Doc. 30, at 1, ¶¶ 3-4; Affidavit of Wendell Queal, Doc. 28, at 2, ¶¶ 3-5.)

## II.    Standard of Review

"Summary judgment serves as a minimal but important hurdle for litigants to overcome before presenting a claim to a jury." Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 314 (M.D. Pa. 2004).  Faced with such a motion, the adverse party must produce affirmative evidence, beyond the disputed allegations of the pleadings, in support of the claim.  FED. R. CIV. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Corneal v. Jackson Township, 313 F. Supp. 2d 457, 464 (M.D. Pa. 2003), aff'd, 94 Fed. Appx. 76 (3d Cir. 2004).  "Such affirmative evidence--regardless of whether it is direct or circumstantial--must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001) (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989).  Only if this burden is met can the cause of action proceed. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986); Matsushita Elec. Indus. Co., Ltd.  v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see FED. R. CIV. P.  56(c), (e).

**III.    Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a civil rights claim, the plaintiff must show a "deprivation" of a constitutional or statutory right by a person "acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

In order for plaintiff to prevail on his Eighth Amendment failure-to-protect claim under 42 U.S.C. § 1983, he must show that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). To survive summary judgment, plaintiff is thus required "to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997).

Cortez has not met his burden of establishing that a substantial risk of serious harm existed and that defendants acted with deliberate indifference to that risk.  Specifically, he failed to submit any evidence indicating that he had been threatened by the inmate who assaulted him on November 10, 2005, and that defendants were aware of the threat and ignored the consequences.  Defendants are entitled to an entry of summary judgment.

An appropriate order will issue.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:	September 5, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOEL P. CORTEZ,** | : | CIVIL ACTION NO. 1:07-CV-1466 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **ROBERT FORD**, et al., | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 5th day of September, 2008, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Defendants' motion for summary judgment (Doc. 25) pursuant to Federal Rule of Civil Procedure 56 is DEEMED unopposed, see L.R. 56.1, see Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991), and is GRANTED.

2. The Clerk of Court is directed to ENTER judgment in favor of defendants and against plaintiff.

3. The Clerk of Court is further directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                                 S/ Christopher C. Conner
                                                 CHRISTOPHER C. CONNER
                                                 United States District Judge